Good morning, Your Honors. I'd like to reserve five minutes for rebuttal. Sure. I am Joseph McComb for the petitioner Charles Eleri. So the issue on appeal is whether or not his entry as a conditional resident is equal to entry as a lawful permanent resident. And our position is that it's not the same status. There's several issues I raised in the brief. There's a couple of additional ones that I just kind of researched. One of them is when he entered on a visa, he entered on what's called a CR-1 visa, which is called a conditional resident visa. It's not the same as what someone would normally enter on for permanent residence, which is called an IR-1 visa. So there's a bit of a distinction there. The other, which I also raised in the brief, is that a conditional resident, their status is terminated if they don't remove the conditions on their residence. It's done, like, almost automatically. On the other hand, a permanent resident, they can lose their status only by an order from an immigration judge unless they waive that right. Counsel, let me jump in here. One of the things I've been confused about in this case is that for you to prevail as I understand it, you have to convince us that a conditional resident in some way enjoys more protections than a normal LPR. Isn't that right? No. I'd say they have the same rights, except that a conditional resident has those rights for two years until they remove those conditions. Right. So in a sense, assume your client was not conditional, was a straight traditional LPR. I don't think there's any debate that based on the crime he was convicted of, he would be removable, correct? Right. He could not apply for the 212H waiver. Right. So why would Congress want to have more protections for someone in your client's category than someone, a conditional, than a straightforward LPR? That's the thing I've been trying to get. For you to win this case, I'm trying to figure out why would Congress want to have that distinction in mind. Well, that distinction kind of already exists because you have a permanent resident that's able to use the 212H waiver if they adjusted status, well, in the United States versus someone that came in through an immigrant visa. But to give you an example, so my mother-in-law became a U.S. citizen in 2015, but she was a LPR in the country here for almost 50 years. If she had committed a crime similar to this, a removable crime, she would be out. But you're making the argument that your client, and I understand you're here on pro bono, but your client would be in. So why would Congress want my mother-in-law, who's been here for 50 years under an LPR, to be out, and yet your client would be in because of this conditional status? It's just the way that I guess the core precedent's been set on it, that if someone enters as a permanent resident through a port of entry or an airport or anything like that, they cannot use this 212H waiver. But if someone adjusted status within the United States, they can. No, and I understand that procedurally I understand that's the difference. I'm just trying to understand, taking a step back, and maybe you're doing your best to have what you have here, but could you find anything in the legislative history or anything that would explain why Congress would want to have it there? I understand the difference you're laying out, but why would Congress intentionally have this? Now, I'm asking a lot for you to explain what Congress was thinking with our immigration law sometimes, so I'm not trying to have you explain that. But you see what I'm going at. Why would they want to have this different system? I don't know why. Fair enough. I mean, I've tried wrapping my head around it, but there's just that distinction. Is the BIA's construction of this entitled to deference? I'm sorry, what? Is the BIA's construction and resolution of this particular legal issue, is that entitled to deference? Somewhat. I don't think they did as much analysis into it. They just looked at the statute itself, but I don't think they made much analysis on how a conditional resident is treated differently than an LPR. Just in terms, like I mentioned before, with a conditional resident can have their status automatically terminated versus an LPR that has more rights because it would be put into removal proceedings in order to have their status stripped. So do we exercise de novo review without giving any deference on your view to the BIA's judgment on this? Well, I mean, you could give deference to it, but I would also look into it. Do we have to? Oh, I think you do have to give some deference because it is an administrative agency. Although I think the more analysis you look into it, you can see that there are definite distinctions between those two categories. From the way the particular type of visa that's issued to them when they enter the United States to how their status is terminated if they do not remove the conditions set on them. You wanted to save some time? Yes, Your Honor. Good morning. May it please the Court. Colette Winston for Attorney General Loretta Lynch. There is one issue raised by the petitioner's replacement opening brief, and that is whether an alien who is admitted to the United States as a conditional legal permanent resident is ineligible for a waiver of inadmissibility under 212H where he committed an aggravated felony, in this case, rape. Feel free, Ms. Winston, to pull that microphone a little bit closer to you. Pull it now. Yes. Thank you. It's my height. The Court should deny the petition for review because Mr. Ellery failed to show that the Board erred in finding him ineligible for the 212H waiver. This case poses a legal question which is reviewed by the court de novo. And, yes, there is discretion under the Chevron case. Discretion should be given to the agency in the interpretation of its own statute, of the statute that it has to implement through its regulations. Here, 212H is clear. It's plain. It's unambiguous. It states, no waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States. Mr. Ellery was previously admitted to the United States as an alien lawfully admitted for permanent residence if, since the date of such admission, the alien has been convicted of an aggravated felony. The argument that the petitioner is making is that a conditional LPR is different than an LPR. Well, it's different in that there are conditions that have to be met. In Mr. Ellery's case, the conditions were he had to show that his marriage to a U.S. citizen in Nigeria was bona fide. And they have two years to meet their conditions. But when he entered the United States, he entered just like an LPR would enter. And he could have lifted the conditions through the evidence that he would have to give at a hearing that he didn't show up in. So under the statutory scheme, you have within two years you can petition to remove the conditional status, right? You have two years to show that the condition should be removed. And you affirmatively petition the government to remove the condition? Yes. You affirmatively petition, and the government then sets a hearing or asks for more evidence or does what it needs to do to ask as to whether the conditions are satisfied or not. And if you don't affirmatively petition, then what happens to that petitioner? Automatically in two years, it's automatically over. He loses his conditions. You automatically lose the LPR status? Yes. And in this particular case, did the petitioner affirmatively petition to remove the condition? Well, there were four applications. His first wife filed an application that was automatically terminated two years later. His sister filed an application. She abandoned her application, and that was terminated. The third application that was filed was his second wife filed an application, which was abandoned. The fourth petition that was filed was his second wife filed a second petition, and that one was approved in 2013. So finally he was able to satisfy the conditions, but not until 2013. And he was admitted in 1995. So the government gives the alien two years to show that the conditions are met, that the marriage is bona fide or whatever the conditions are. And in this case, he did not meet it until 2013. But the spotlight has to be on the date of admission. And when he walked in the United States after having been inspected, and he was admitted to the United States, he was admitted as a conditional LPR. He had the same rights and privileges and responsibilities as any ordinary LPR. And it was only a matter of time, two years passed, that he either meets his conditions or he doesn't. But it's the same. The statute has to be read as it's written, and the plain language speaks very loudly. And it says, an alien lawfully admitted for permanent residence. And there is no distinction here between a conditional legal permanent resident and a legal permanent resident. And this issue was treated already by the Third Circuit in the case of Paek, P-A-E-K, which is squarely on point. And the Paek case, which is 793 Fed Third 330, talks about Chevron deference and step one. We don't need to get to the second step of Chevron because the language is plain, because it's unambiguous and it's very clear. And there are definitions set forth in the statute. Admission and admitted is defined. Lawfully admitted for permanent residence is defined in INA 101A20. Admission and admitted is defined in INA 101A13A. And if you go further, which the court need not do, to look at the regulations, 8 CFR 1216.1 says conditional resident is defined as alien admitted for permanent resident. So they're defined as the same. They're one and the same. Therefore, Mr. Ellery is not entitled to a waiver of inadmissibility because he was previously admitted to the United States as an alien lawfully admitted for permanent residence where he was convicted of an aggravated felony since the date of his admission. But the plain language and deference dictate that this case should be treated like as the Third Circuit treated the alien in Paek and they should be given the same status, conditional or not conditional. Thank you, Counsel Judge Owens. Any questions, Judge Gorman? No. Thank you very much for your argument. Thank you. Thank you. So just in response to the Third Circuit case, again, I just don't think the analysis was as thorough. While it does say that it's an alien admitted for lawful permanent residence, I think that was more written as a matter of convenience rather than being repetitive, saying permanent resident versus conditional resident. But again, the argument is just that he entered as a conditional resident, not a permanent resident. And for that reason, that's why we believe that he does qualify for the 212-H waiver. Anything further? Nothing further. All right. Thank you very much for your argument. The matter is submitted for decision by this Court. And we want to thank you, Mr. McComb, for accepting the pro bono appointment in this case. It's appreciated. All right. Court is in recess. All rise.
judges: Nguyen, Owens, Korman